Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 51 | DATE | 4/16/2002 |
| CASE TITLE | | In Re: In Re: Gleason | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court reverses the decision of the bankruptcy court dismissing Gleason's petition under 11 U.S.C. § 1112(b) and remands the case for further proceedings consistent with this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 26 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE:                    )
                          )
NANCY J. GLEASON,         )    Case No. 02 C 51
                          )
Debtor.                   )

## MEMORANDUM OPINION AND ORDER

DOCKETED
APR 2 6 2002

MATTHEW F. KENNELLY, District Judge:

Nancy Gleason left the law firm of Dowd & Dowd, and along with some of her former partners, she formed a competing firm. Dowd & Dowd sued Gleason in state court for, among other things, breach of fiduciary duty and tortious interference and won; the court entered judgment against Gleason in the amount of $2.66 million. Gleason appealed, but posted no bond (she says she was unable to afford one). In April 2001, while the appeal was pending, she filed a petition for relief under Chapter 11 of the Bankruptcy Code. Dowd & Dowd moved to dismiss the petition under §1112(b) of the Code, and after holding an evidentiary hearing at which only Gleason testified, the bankruptcy court concluded that Gleason had filed her petition in bad faith. The court therefore granted Dowd & Dowd's motion. Gleason asked the bankruptcy court, in essence, to reconsider its ruling, but the court refused. Gleason then filed this appeal, challenging the dismissal order and the order denying her motion to reconsider.

Gleason does not dispute that a bankruptcy court has broad discretion under 11 U.S.C. §1112(b) to dismiss a Chapter 11 case for cause, or that the lack of good faith in seeking the protection of the bankruptcy code constitutes cause within the meaning of §1112(b). And rightly so. *See In re Woodbrook Associates*, 19 F.3d 312, 316 (7th Cir. 1994); *In re McCormick Road Associates*, 127 B.R. 410, 412 (N.D. Ill. 1991). But Gleason argues that the court, in dismissing

her case for lack of good faith, applied an incorrect legal standard and erroneously concluded that the evidence supported the dismissal. We review the bankruptcy court's factual findings for clear error, giving great deference to the court's ability to weigh the evidence presented and reversing only if we are left with the definite and firm conviction that a mistake has been made. *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992) (citations omitted). We review *de novo* the bankruptcy court's conclusions of law, including its conclusion with regard to the legal standard applicable to good faith determinations. *Id.* Taking the latter first, we find that the court applied the wrong legal standards in determining Dowd & Dowd's motion and therefore reverse.

In this Circuit, the burden of proving that a petition was filed in bad faith rests with the movant. *See Woodbrook*, 19 F.3d at 317; *Love*, 957 F.2d at 1355. Although the debtor is obliged to produce evidence in opposition to a well-supported motion, *Woodbrook*, 19 F.3d at 317, the burden of proving "cause" under §1112(b) remains at all times with the movant, here the debtor's principal creditor. Nevertheless, after concluding that Dowd & Dowd had made out a prima facie case that Gleason had filed her petition in bad faith, the bankruptcy court shifted the burden of proof to Gleason to show that she had filed the petition in good faith – indeed, the court expressly said it was doing so. *See* Memorandum Opinion and Order of December 13, 2001, p. 4 ("After Dowd & Dowd established a lack of good faith as a basis for dismissing the Debtor's Chapter 11 case, the burden of proving that the filing was made in good faith shifted to the Debtor."). This was simply incorrect under the law. Because the bankruptcy court applied the wrong legal standard in making its good faith determinations, we reverse the dismissal order. *See* Federal Rule of Bankruptcy Procedure 8013; *In re Burger Boys*, 94 F.3d 755, 761 (2nd Cir. 1996) (if the bankruptcy court applied the wrong standard, the reviewing court must reverse).

2

Although we are precluded from making new factual findings – especially if they are inconsistent with the bankruptcy court's findings, *see Love*, 957 F.2d at 1361-62 – we note for purposes of guiding the bankruptcy court on remand that its focus on the belief that Dowd & Dowd was basically Gleason's sole creditor and the manner in which it weighed the factors concerning the bad faith issue are at odds with the law that appropriately governs a bankruptcy court's determination of that issue. In this regard, the court on remand should be guided by Judge Wedoff's thoughtful decision in *In re Guaranteed Retirement*, 112 B.R. 263 (Bankr. N.D. Ill. 1990). Given the nature of Dowd & Dowd's motion, which essentially challenged Gleason's motives in filing her petition, the focus should have been on whether Dowd & Dowd had shown that Gleason actually had no real need of bankruptcy protection and that her petition substantially impacted Dowd & Dowd's rights. *See id.* at 273 & n.7. In assessing Gleason's need for bankruptcy protection the question should have been whether her debts left her facing serious disruption in her business, *id.* at 273; in other words, it was the size of the debts that mattered, not the number of creditors to which those debts were owed. The number of creditors is similarly irrelevant to the question whether Gleason filed her petition merely to delay collection of Dowd & Dowd's judgment or whether she would ultimately be unable to effectuate a reorganization plan, both of which appear to have been implied in Dowd & Dowd's motion. *See id.* at 276-77.

## CONCLUSION

For the reasons explained above, the Court reverses the decision of the bankruptcy court dismissing Gleason's petition under 11 U.S.C. §1112(b) and remands the case for further proceedings consistent with this opinion.

Dated: April 16, 2002

MATTHEW F. KENNELLY
United States District Judge